# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 16-23309-Civ-COOKE

MOISES E. BURE,

      Plaintiff,

vs.

JULIE L. JONES, Secretary,
State of Florida Department of Corrections
FRANCISCO ACOSTA, Warden,
Everglades Correctional Institution,
KAVELL SCOTT, Assistant Warden,
Everglades Correctional Institution,
CAPTAIN HODGES, Everglades
Correctional Institution,
CAPTAIN POLLOCK, Everglades
Correctional Institution, and L. JONES,
Sergeant of Property Room, Everglades
Correctional Institution,

      Defendants.

_____/

## ORDER DISMISSING CASE

THIS CASE is before me upon a *sua sponte* review. On August 3, 2016, Plaintiff, a former inmate at the Everglades Correctional Institution (ECI) filed the pending Complaint against Julie L. Jones, Secretary, State of Florida Department of Corrections; Francisco Acosta, Warden, ECI; Kavell Scott, Assistant Warden, ECI; Captain Hodges, ECI; Captain Pollock, ECI; and L. Jones, Sergeant of Property Room, ECI (ECF No. 1).

Plaintiff asserts claims under 42 U.S.C. § 1983. More specifically, Plaintiff alleges that Defendants subjected him to "bad faith, intentional retaliation, humiliation, deliberate indifference, racial discrimination, intentional infliction of emotional distress" and deprival of his constitutional rights under the First, Eighth and Fourteenth Amendments. Plaintiff seeks, *inter alia*, actual and punitive damages in the amount of $120,000.00 from each Defendant.

Having reviewed the Complaint and relevant legal authorities, I dismiss the Complaint without prejudice for the reasons explained below.

## I. DISCUSSION

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

To obtain relief under § 1983, Plaintiff must allege: (1) his constitutional rights were violated; (2) the act or omission that caused the constitutional violation was committed by a person acting under color of state law; and (3) the constitutional deprivation resulted from a custom, policy, or practice of the municipality or equivalent entity.  *See Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Here, Plaintiff has failed to allege facts sufficient to establish that Defendants violated his constitutional rights.

Plaintiff's rambling, sometimes confusing factual allegations relate to a string of incidents that occurred between April 5, 2016 and the day of his release from ECI, April 28, 2016. The gist of his Complaint is that ECI staff mistreated him by: (1) placing him in confinement for approximately three weeks after he fought with another inmate; (2) declining his request to have his "pens and necessary legal materials" brought to him in confinement; and (3) failing to photocopy his legal documents immediately upon his request.

Such frivolous allegations fail to put Defendants on notice of any viable causes of action Plaintiff intends to pursue, or of facts that would support such causes of action.  *See Anderson v. Dist Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996) (plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").

Notwithstanding the pleading leniency afforded to *pro se* plaintiffs, it is not the Court's responsibility to discover claims for relief.  Plaintiff's Complaint fails to include

factual allegations sufficient to raise a right to relief above the speculative level and therefore fails to state a claim upon which relief can be granted.  Accordingly, I hereby dismiss the Complaint.  *See Driessen ex rel B.O. v. Fla. Dept. Children & Families*, 351 F. App'x 355, 355 (11th Cir. 2009) (per curiam) (affirming a district court's *sua sponte* dismissal under Rule 8(a) for failure to state a claim).

## II. CONCLUSION

For the reasons explained in this Order, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*.  The Clerk shall **CLOSE** this case.  All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 13th day of September 2016.

_____
MARCIA G. COOKE
United States District Judge

Copy furnished to:
*Moises E. Bure,* pro se
*2201 NW 23rd Street, Apt. 230*
*Miami, FL 33142*